**Luis Enrique CHAVEZ, aka Luis Enrique Chavez Tevez, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 03–70522.

INS No. A70–779–880.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2003.*

Decided Jan. 15, 2003.

Before BEEZER, KLEINFELD, and PAEZ, Circuit Judges.

### MEMORANDUM**

Luis Enrique Chavez, a native a citizen of Peru, petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming the immigration judge's denial of asylum, withholding of deportation, and suspension of deportation. Because the transitional rules apply, we have jurisdiction pursuant to 8 U.S.C. § 1105a(a). *See Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997). We review the BIA's factual findings for substantial evidence, *Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir.1997), and we deny the petition.

R.App. P. 34(a)(2). Accordingly, we deny Chavez's motion for oral argument.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Chavez contends that the evidence compels a finding that he suffered past persecution, and has a well-founded fear of future persecution, on account of imputed political opinion. We disagree. Because Chavez failed to provide any direct or circumstantial evidence that members of Sendero Luminoso and Tupac Amaru threatened him or his family on account of an actual or imputed political opinion, the BIA's decision is supported by substantial evidence. *See id.* at 1488–91; *cf. Salazar–Paucar v. INS*, 281 F.3d 1069, 1075 (9th Cir.2002) (finding past persecution of Peruvian civic leader based on multiple death threats, harm to his family, and the murders of his political counterparts).

In failing to qualify for asylum, Chavez necessarily failed to satisfy the more stringent standard for withholding of deportation. *See Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995).

We lack jurisdiction to review the BIA's denial of suspension of deportation. *See Kalaw*, 133 F.3d at 1152 (holding that the transitional rules preclude judicial review of the BIA's determination of extreme hardship).

**PETITION DENIED.**

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Chen's motion for oral argument.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.